IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Philip Charvat, individually and on behalf of a class of all persons and entities similarly situated,<br>     Plaintiff,<br><br> v.<br><br>AEP ENERGY, INC.,<br>     Defendant. | Case No. 1:14-CV-3121<br><br>Hon. James B. Zagel |

### FINAL APPROVAL ORDER AND JUDGMENT

This matter having come before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiff Philip Charvat and Defendant AEP Energy, Inc. ("AEP Energy"), pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

  1.  Unless defined herein, all defined terms in this Final Approval Order and Judgment shall have the respective meanings set forth in the Agreement.

  2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

  3.  The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order dated June 18, 2015, and as evidenced by the Declaration of the

Class Administrator, Kurtzman Carson Consultants, notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4. Notice under the Class Action Fairness Act was also effectuated on May 1, 2015, and that ninety (90) days has passed without objection from any governmental entity.

5. In response to the CAFA notice, the Attorneys General for Texas and California contacted counsel and requested a modification to the Release language as it appeared at Paragraph 3.3 of the Settlement Agreement. The original settlement agreement provided:

Original Paragraph 3.3 of the Settlement Agreement

3.3 On the Effective Date, the Releasing Parties, and each of them, will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, or participating in as class members or otherwise, or receiving any benefit or other relief from any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims on behalf of members of the Settlement Class who have not timely excluded themselves from the Settlement Class.

Amended Paragraph 3.3 of the Settlement Agreement

3.3 On the Effective Date, the Releasing Parties, and each of them, will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, or participating in as class members or otherwise~~, or receiving any benefits or other relief from~~ any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released

>Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims on behalf of members of the Settlement Class who have not timely excluded themselves from the Settlement Class.

6. Through counsel, the Attorneys General for Texas and California have indicated that the adoption of the above revisions to Paragraph 3.3 of the Settlement Agreement would cure any concerns they have as to the settlement.

7. The Court has read and considered the proposed amendment to the Paragraph 3.3 of the Settlement Agreement, and approves and orders such modification be made to the Settlement Agreement.

8. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff in support of the settlement, and supporting declarations.

9. The Court has not received any objections from any person regarding the Settlement.

10. The Court held a hearing on September 28, 2015, at which time the parties, and all class members, were afforded the opportunity to be heard in support of or in opposition to the Settlement.

11. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

12. Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Class":

All Persons within the United States to whom, between April 29, 2010 and June 18, 2015: (a) more than one telephone solicitation was allegedly initiated or made by or on behalf of any of the Released Parties within any twelve-month period to such Person's telephone number that, at the time of the calls, was listed on the National Do Not Call Registry; and/or (b) a call was allegedly initiated or made by or on behalf of any of the Released Parties to such Person's wireless telephone number.

The following Persons are excluded from the Settlement Class: AEP Energy, any parent, subsidiary, or affiliate of AEP Energy, the officers, directors, agents, servants, or employees of any of the foregoing as of the entry of the Preliminary Approval Order, Class Counsel, the Settlement Administrator, the Mediator, any judge presiding over the Action, and any person or entity who timely opts out of this proceeding.

13. Under Federal Rule of Civil Procedure 23, Philip Charvat is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

> Alexander Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
>
> Anthony Paronich
> BRODERICK LAW, P.C.
> 99 High St., Suite 304
> Boston, MA 02110
>
> Matthew McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760

14. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the

questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

15. The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

16. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

17. All persons whose names were included on the list supplied by Plaintiff as having made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

18. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

19. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members. The Court adjudges that, upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

20. On the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any lawsuit, any arbitration, or any administrative, regulatory, or other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims on behalf of members of the Settlement Class who have not timely excluded themselves from the Settlement Class.

21. The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them. The Released Parties may file the Settlement Agreement and/or this Final Approval Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata,

collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

23. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $2,000,000.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees appropriate and reasonable and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

24. The Court approves the incentive fee payment of $12,500 for Philip Charvat and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

25. Neither this Final Approval Order and Judgment nor the Settlement Agreement

shall be construed or used as an admission or concession by or against either AEP Energy or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by AEP Energy or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.

26. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

DATED: 9/28/15

*James B. Zagel*

_____
Judge James B. Zagel